**CONGRESSIONAL REFERENCE**
**To The**
**UNITED STATES COURT OF FEDERAL CLAIMS**

**Congressional Reference No. 02-173X**

| | |
|---|---|
| **J. L. SIMMONS COMPANY, INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant** | **Judge Firestone** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**EXCEPTION TO HEARING OFFICER'S REPORT**

COMES NOW Plaintiff, by and through its attorneys, King & King, Chartered, and requests that leave be granted to file its Notice of Exception to the Hearing Officer's Report dated April 15, 2004.

Plaintiff requires leave to file its Exception to the Report because the due date for such exception was May 17, 2004. Plaintiff's attorney has discussed this motion with Mr. Smith, counsel for the Government, who has stated Defendant has no objection to Plaintiff's motion.

By Order dated September 8, 2003, the Court designated this case to be an Electronic Case. As a consequence of such designation, all filings and notices are to be made electronically. Plaintiff's attorney however, did not receive notice of the Hearing Officer's Report until May 25, 2004, after being contacted by Mr. Daffeh Hansford of the Court's CM/ECF staff and being

advised that an email the Court had tried to send to Plaintiff's attorney was returned as being undeliverable. Mr. Hansford did not advise Plaintiff's attorney what the date of this undelivered email was. In his telephone conversation with Mr. Hansford, Plaintiff's attorney confirmed that his email address was unchanged from that provided to the Court at the time the case was converted to an electronic case; and in response to Mr. Hansford's specific question, spelled out the email address so that Mr. Hansford could confirm that the Court's records were accurate in this respect[1]. Mr. Hansford advised that he would attempt to send Plaintiff's attorney an email, which attempt was unsuccessful. Plaintiff's attorney then obtained Mr. Hansford's email address from him and sent Mr. Hansford an email, which Mr. Hansford acknowledged receiving. Plaintiff's attorney then asked Mr. Hansford to attempt to send the Court's email, which had not been delivered. When no email message was received, telephone calls were made to the number [(202) 219-9701] Mr. Hansford had provided to Plaintiff's attorney. Mr. Hansford did not personally answer, but a voice answering system answered and indicated that the line was Mr. Hansford's, at which point Plaintiff's attorney left messages advising that he had never received the Court's email. When these calls were not responded to, Plaintiff's attorney attempted to access the docket sheet on May 25, 2004 in an effort to determine whether there had been any recent filings in the electronic cases he is involved in, which could have generated an email message from the Court. Initially this effort was unsuccessful because Plaintiff's attorney was not able to access the system. Several such attempts were made using the login and password

[1] This is not the first time Plaintiff's attorney was advised that an email from the Court was not delivered. On March 23, 2004, Plaintiff's attorney and Mr. Hansford had a similar conversation regarding an email in another case before the Court which also had been converted to an electronic case. After several calls between Mr. Hansford and attorney for Plaintiff, Plaintiff's attorney believed the technical problem that caused the Court's email to be undelivered to him had been resolved. Clearly this was not the case and Plaintiff's attorney is not sure at this time the problem has been permanently resolved so that it will not reoccur in the future.

provided to him by the Court after he had completed the CM/ECF training, each resulting in an error message advising in essence the login or password was incorrect. Accordingly, Plaintiff's attorney called the Court's CM/ECF staff to discuss this problem. Although Ms. Deborah Hayward of the Court's staff confirmed the login and passwords Plaintiff's attorney was using to access the system were correct and advised she was able to access the system using them, Plaintiff's attorney was still not able to do so. At this point Ms. Hayward advised Plaintiff's attorney to contact the technical support staff of the PACER system in an effort to resolve the access problem[2]. After contacting the PACER technical support personnel, Plaintiff's attorney was able to access the system, view the docket sheet and discovered that the Hearing Officer had issued his report and that Defendant had filed its acceptance, dated May 7, 2004 on May 12, 2004.

It is Plaintiff attorney's understanding that both filings should have generated email messages from the Court on the day of the filings to provide notice to him thereof. As set forth above Plaintiff's attorney received no such notice until May 25, 2004. Although Plaintiff's attorney has received four messages from the Court on May 25, 2004; after the access to the system problem was resolved, Plaintiff's attorney is still not aware of the content of these messages[3]. Attached as Exhibit 1 to this motion are copies of the four messages received from

---

[2] Although the access to the system problem was resolved, Plaintiff's attorney is not aware of what caused the problem, nor whether the problem will occur again.

[3] Three of the messages include indications that they relate to the instant case. Assuming that two of them relate to the recent filings of the Hearing Officer's Report and Defendant's Notice of Acceptance, the following questions occur to counsel for Plaintiff: why did the CM/ECF staff wait until after the time for responding to the Hearing Officer's Report had expired to notify Plaintiff's attorney the Court's email messages were not being delivered and what does the third message relate to, as the docket sheet does not indicate that any further activity in this case has occurred since Defendant filed its acceptance of the report.

Mr. Hansford on May 25, 2004. The messages arrived with files attached to them, which Plaintiff's attorney has not been able to open. After theses messages were received, Plaintiff's attorney placed another call to Mr. Hansford in an effort to resolve this latest problem. As of the drafting of this motion this problem is unresolved and Plaintiff's attorney is not entirely sure of the messages' content.

WHEREAS, for the foregoing reasons J. L. Simmons Company requests the Court to grant leave to file its Notice of Exception.

Respectfully submitted,

Dated: May 26, 2004

s/Christopher M. McNulty

Christopher M. McNulty
Attorney for Plaintiff,
J. L. Simmons Company, Inc.

King & King, Chartered
Suite 400
7531 Leesburg Pike
Falls Church, Virginia 22043

Tel: (703) 564-0164
Fax: (703) 564-0168
Email: 73264.776@compuserve.com