**CONGRESSIONAL REFERENCE**
**To The**
**UNITED STATES COURT OF FEDERAL CLAIMS**

**Congressional Reference No. 02-173X**

| | | |
|---|---|---|
| **J. L. SIMMONS COMPANY, INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant** | ) | **Judge Firestone** |

**PLAINTIFF'S EXHIBIT 2**

Excerpt from transcript of proceeding before Judge Allegra, October 23, 2003

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J.L. SIMMONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 02-173X |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Courtroom 6, Room 507
National Courts Building
717 Madison Place N.W.
Washington, D.C.

Thursday,
October 23, 2003

The parties met, pursuant to notice of the Court, at 10:07 a.m.

BEFORE: HONORABLE FRANCIS M. ALLEGRA
Judge

APPEARANCES:

<u>For the Plaintiff</u>:

Christopher McNulty, Esquire
King & King
7531 Leesburg Pike, Suite 400
Falls Church, VA 22043
(703) 564-0164

<u>For the Defendant</u>:

Brian S. Smith, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0391

require, and basically --

MR. McNULTY: If their justice was similarly delayed for such a long period of time.

THE COURT: How does the -- let me ask you this. How does this defect that you're identifying relate to the delay? Help me on that one. I mean, I can understand how it might lead to the incorrect decision, okay --

MR. McNULTY: Right.

THE COURT: -- because, for example, a biased procedure or one which is deficient. How does it lead to the delay we're talking about between -- what's the initial date of the contract claims? Back in the early 1950s, correct?

MR. McNULTY: Yes.

THE COURT: All right. And basically, they don't recover on the claims until 1969, correct?

MR. McNULTY: Correct.

THE COURT: All right. You're not suggesting that that entire time period is attributable to this one defect, are you?

MR. McNULTY: Yes, I am.

THE COURT: Okay, go ahead.

MR. McNULTY: In the sense that but for -- it's a sort of but-for analogy that you get from --

I'm not a tort lawyer, but from what I remember from law school, you have these -- it's an analogous situation. But for the wrongful conduct of the VA Board, we wouldn't have, one, had to appeal. And we wouldn't have been enmeshed in this back and forth that was created by the Wunderlich Act and the Supreme Court decisions deciding it, and the changes in the procedures.

THE COURT: But it is sort of a but-for type of causation?

MR. McNULTY: Yes. I can't say that, you know, it was just the conduct of the VA Board --

THE COURT: That this caused a ten-year delay.

MR. McNULTY: No, it was -- this wrongful conduct caused A, and then we got enmeshed in all of this.

THE COURT: And in fact, the language about enmeshing, if I'm correct, is directly taken, again, from the Court of Claims decision. Because there's a paragraph in here that seems to say, "But fundamentally the major difficulties in which the case became enmeshed" -- you don't have to look at this, I'm just making sure -- "stemmed from the fact that it straddled, in point of time, the Wunderlich case, and

the congressional reaction thereto, culminating in the Wunderlich Act and the three occasions in Bianchi, Utah and Grace in which the Supreme Court had decided to review that act and its relationship to the Tucker Act jurisdiction of this Court."

All right, so the statement that you have made, and I think counsel for the government has also made, talking about this enmeshing, really derives, or at least was reflected in the original Simmons opinion itself.

MR. McNULTY: It's an accurate statement of the facts, Your Honor.

THE COURT: All right, so essentially, but for -- the feeling would be that but for this procedure they would have rendered a correct decision and you would have avoided all this problem.

MR. McNULTY: Yeah. When you look at when we finally got to go to trial and received a fair procedure, it was all done within three years. And that included this -- we couldn't get a final judgment from the VA Board. We had to go back to the Court of Claims and get them to pass off on it.

THE COURT: Right. Let's talk a little bit -- I know you may have some additional points on this initial interest period, but let's talk about Purvis