**CONGRESSIONAL REFERENCE**
**To The**
**UNITED STATES COURT OF FEDERAL CLAIMS**

---

**Congressional Reference No. 02-173X**

---

| | | |
|---|---|---|
| **J. L. SIMMONS COMPANY, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Judge Firestone** |
| **THE UNITED STATES** | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S EXHIBIT 4**

# SUBCOMMITTEE ON ADMINISTRATIVE OVERSIGHT AND THE COURTS

## STANDARDS TO BE USED IN ADJUDICATING PRIVATE CLAIMS BILLS

The right to petition for redress of grievances is guaranteed by the first amendment to the Constitution. When called upon to decide whether relief should be granted persons seeking redress of grievances, the subcommittee is guided by principles of equity and justice. In connection with its jurisdiction over claims, the subcommittee considers private bills extending relief to individuals who have no other existing remedy. The task of the subcommittee is to determine whether the equities and circumstances of a case create a moral obligation on the part of the Government to extend relief to an individual.

1. The meeting of this subcommittee shall be held upon appropriate notice by the chairman of the subcommittee.
2. No consideration shall be given to any bill until request is made by the author or sponsor, who shall file sufficient evidence in its behalf.
3. No private bill shall be considered if an adequate judicial or administrative remedy exists, or where court proceedings are pending for the purpose of adjusting or changing the status of the beneficiary.
4. No favorable consideration shall be given to any private bill until the proper department or agency has submitted a report. The subcommittee will obtain such report upon request.
5. Upon receipt of reports from the Departments, private bills shall be scheduled for subcommittee consideration in the chronological order of their introduction, except that priority shall be given to bills introduced earliest in any of the previous Congresses.
6. Bills which have been previously tabled shall not be reconsidered unless new evidence is introduced showing a material change of the facts known to the subcommittee. In the event of a request for reconsideration the subcommittee shall, insofar as practicable, dispose of such request at the first meeting of the subcommittee following receipt of such request.

NOTE: The number of bills referred to the subcommittee makes it impossible to continue to review cases which were the subjects of unfavorable consideration at a prior time. A case considered by the subcommittee and rejected at a previous consideration will be viewed in the same light as a case which has been adversely decided by a court.

7. The subcommittee shall not consider any claim filed with the Office of Workmen's Compensation Programs, Department of Labor, considered on its merits and disallowed; or any bill awarding or increasing compensation to an employee or dependents in lieu of that prescribed by chapter 81—Compensation for Work Injuries, of title 5, U.S. Code, or otherwise interfering with the provisions of that chapter, except bills to waive the limitations of time contained in pertinent sections of the act.

NOTE: Bills to waive statutes of limitation as they apply to this subject area, may be waived upon two-thirds vote of this subcommittee. As a matter of policy, these bills will include, if approved by the subcommittee, a provision precluding the receipt of benefits for any period prior to their date of approval. In addition, such bills will include a limitation requiring presentation of claims within 6 months from the date of approval. The showing required by the subcommittee to warrant favorable consideration of such a bill is at least a prima facie case, coupled with justification for failure to file with the time prescribed by the act. Statute of limitations problems are the only aspects of employee compensation cases that will be entertained by the subcommittee. The subcommittee has concluded that if the relief now extended to regular government employees or persons entitled to benefits is inadequate under the general law, the remedy must come by general law, not by enactment of discriminatory private legislation in selected cases.