**CONGRESSIONAL REFERENCE**
**To The**
**UNITED STATES COURT OF FEDERAL CLAIMS**

---

**Congressional Reference No. 02-173X**

---

| | | |
|---|---|---|
| **J. L. SIMMONS COMPANY, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Judge Firestone** |
| **THE UNITED STATES** | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S OPPOSITION**
**TO DEFENDANT'S MOTION**
**FOR AN ENLARGEMENT OF TIME**

Plaintiff, J. L. Simmons Company, Inc., opposes defendant's motion as no basis, worthy of serious consideration is given for granting the motion.

During a telephone conference the parties discussed and agreed to the schedule included in the Court's Order filed on September 2, 2004 for the briefing relating to plaintiff's exceptions to the Hearing Officer's Report. Pursuant to the Court's Order, the plaintiff's brief was due September 27, 2004, the defendant's response thereto by October 27, 2004 and plaintiff's reply by November 15, 2004. At the time of the conference defendant's attorney undoubtedly knew of the trial in the case referred to in the defendant's motion for enlargement of time, given the length of time the trial apparently will require. Nevertheless he agreed to the schedule, not even

mentioning the trial during the status conference as a potential problem for him in meeting the schedule. Plaintiff timely filed its brief in accordance with the schedule on September 27, 2004. Accordingly, defendant's attorney had access to the brief in his Washington, D.C. office for two weeks prior to his departure on October 11, 2004. At no time during this two week period did he request an enlargement of time in which to file defendant's response. Nor did he file a request for an enlargement of time in the 16 day period between October 11, and October 27, 2004 when the defendant's brief was due.

Plaintiff further opposes granting defendant an enlargement of time because this case involves no issues of fact and thus requires no detailed knowledge of the facts, which could require some time to become familiar with and master to prepare a response to plaintiff's exceptions. Only a single relatively non-complex legal issue is involved, *i.e.*, whether plaintiff has an equitable claim as that term is used in congressional reference cases. Accordingly, it is respectfully submitted that there are probably no less than several dozen attorneys within the defendant's Department of Justice's Civil Division, Commercial Litigation Branch to whom the case could have been assigned to prepare defendant's response within the time agreed upon and as ordered by the Court.

For the foregoing reasons plaintiff respectfully submits that there is no good reason for granting defendant's motion. Alternatively, should the Court be inclined to grant defendant an enlargement of time, plaintiff further respectively submits that an enlargement of time to December 8, 2004 is too lengthy. Plaintiff is before the Court seeking relief for delays of approximately twenty years. Although this case involves no issues of fact it remains unresolved approximately two and one-half years after plaintiff filed its complaint. Further delay should be

avoided if at all possible. In the circumstances it is respectfully submitted that an enlargement to no later than November 15, 2004 be granted defendant, with plaintiff's reply due no later than November 29, 2004. Should defendant's attorney, Mr. Smith be unable to prepare defendant's response within this time, drafting of defendant's response can be assigned by defendant to another of its attorneys within the Commercial Litigation Branch.

Respectfully submitted,

Date: November 4, 2004

s/Christopher M. McNulty

Christopher M. McNulty

King & King, Chartered
Suite 400
7531 Leesburg Pike
Falls Church, Virginia 22043
Tel: (703) 564-0164

Attorney for Plaintiff, J.L. Simmons