# In the United States Court of Federal Claims

No. 02-173X
(Filed: March 23, 2005)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| J. L. SIMMONS COMPANY, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Congressional Reference; Interest; |
| v. | * | Gratuity |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

**REPORT OF THE REVIEW PANEL**

**BACKGROUND**

On December 20, 2001 the United States Senate referred S. 846, a private bill, to the United States Court of Federal Claims. S. Res. 83, 107th Cong. (2001). The bill provided:

> The Secretary of the Treasury shall pay J.L. Simmons Company, Inc., of Champaign, Illinois, out of any money in the Treasury not otherwise appropriated, a sum of money, in an amount to be determined by the United States Court of Federal Claims, representing the amount to which J.L. Simmons Company, Inc., may be entitled in order to make J.L. Simmons Company, Inc., and any of its subcontractors, whole for any litigation expenses, and any interest, due and owing to J.L. Simmons Company, Inc., and any of its subcontractors, and not otherwise recoverable at law, on account of the construction of the Veterans Administration (West Side) Hospital in Chicago, Illinois, during the period of 1949 through 1954, and the litigation of claims resulting therefrom.

S. 846 § 1(a), 107th Cong. (2001).

As is required by the statute authorizing congressional references, the court was

instructed to prepare a report for Congress, setting forth findings of fact and conclusions of law sufficient to inform Congress as to whether the claim was a legal or equitable claim, or whether payment of such money to the plaintiff would amount to a gratuity. 28 U.S.C. § 2509(c) (2000). Judge Allegra, sitting as a Hearing Officer, reviewed briefs submitted by J. L. Simmons ("plaintiff") and the United States ("government") in support of their respective positions. The Hearing Officer concluded that the "plaintiff, J. L. Simmons, does not have a legal or equitable claim against the government and that any award would be a gratuity." J. L. Simmons Co. v. United States, 60 Fed. Cl. 388, 399 (2004). As provided for by Appendix D of the Rules of the United States Court of Federal Claims (RCFC App. D), the plaintiff filed exceptions to the Hearing Officer's report. RCFC App. D, ¶ 7. The parties then submitted briefs for the review panel's consideration. Specifically, the plaintiff styled its exceptions as follows: 1) the Hearing Officer wrongfully concluded that "wrongful government conduct" requires an act or omission of negligence, or a violation of a standard of conduct set forth in a statute, regulation or the common law; 2) the Hearing Officer erred in applying the standard set forth in Land v. United States, 29 Fed. Cl. 744 (1993), to determine whether the government committed a wrongful act; and 3) the Hearing Officer erred in concluding that the plaintiff did not have an equitable claim as measured by the standards which he held applied. See Pl.'s Exceptions to Hr'g Officer's Report ("Pl.'s Exceptions") at 5, 12-13, 15-16.

Pursuant to RCFC App. D, the review panel reviewed the Hearing Officer's report and considered the plaintiff's exceptions to the report, as well as the briefs filed by the

parties. RCFC App. D, ¶ 8. For the following reasons, the review panel adopts the Hearing Officer's report, subject to the correction of three minor factual errors addressed below. The Senate, accordingly, is advised that any payment to the plaintiff would be a gratuity.

**DISCUSSION**

1. Standard of Review and Findings of Fact

The Review Panel may set aside factual findings of the Hearing Officer only if the findings are "clearly erroneous." RCFC App. D, ¶ 8(d). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Merck & Co. v. Teva Pharmaceuticals USA, Inc., 395 F.3d 1364, 1369 (Fed. Cir. 2005) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). When examining legal conclusions of the Hearing Officer, the review panel will set aside those conclusions when "justice shall so require." RCFC App. D, ¶ 8(d) (revised September 15, 2003).[1] The review panel

---

[1] Prior to September 15, 2003, Appendix D to the Rules of the United States Court of Federal Claims, and its immediate predecessor, the United States Claims Court, governing procedures in congressional reference cases, did not articulate a standard under which a review panel reviewed legal conclusions of a hearing officer. The court has considered whether revisions to Appendix D effective September 15, 2003 should be interpreted to change the legal standard of review employed by review panels under prior versions of Appendix D. The review panel concludes that the legal standard of review employed prior to the September 15, 2003 Appendix D revisions continues to be appropriate. That standard, de novo review, or review without deference, was justified principally by the fact that the relationship of the hearing officer to the review panel is comparable to the relationship of a district court judge and a court of appeals. Land v. United States, 37 Fed. Cl. 231, 233 (1997). That relationship is not affected by the revisions to Appendix D. Compare RCFC App. D, available at http://www.uscfc.uscourts.gov/rules.htm, effective September 15, 2003, passim, with id., 51 Fed. Cl. CXLVII-CL, effective May 1, 2002, and Rules of the United States Claims Court App. D, 25 Cl. Ct. CXXVII-CXXX, effective October 1, 1982, as revised March 15, 1992.

determines that it must make an independent determination of what "justice . . . requires" in the circumstances of the case before it and, accordingly, reviews the legal conclusions of the Hearing Officer without deference. See Land v. United States, 37 Fed. Cl. 231, 233-34 (1997).

The facts in this case are largely undisputed. The Hearing Officer's findings of fact were substantially correct and the review panel incorporates them by reference into its review panel report, with the exception of the following facts, which the review panel has found to be clearly erroneous:

a. Date of the Decision of the Construction Contract Appeals Board

In recounting the decision of the Construction Contract Appeals Board of the Veteran's Administration (the "Board"), the Hearing Officer's report incorrectly states that "the Board rendered its decision in 1956." J. L. Simmons, 60 Fed. Cl. at 398. The correct date is 1959. See J. L. Simmons Co. v. United States, 412 F.2d 1360, 1366 (Ct. Cl. 1969) ("The decision of the Board is dated February 12, 1959.").

b. Receipt of Payment

The Hearing Officer's report incorrectly stated that J. L. Simmons received payment in 1969 following its suit before the Court of Claims. J. L. Simmons, 60 Fed. Cl. at 398. In fact, J. L. Simmons received payment in 1970. Def.'s Review Panel Br. at 2, 4; Pl.'s Exceptions at 7.

c. Date of the Wunderlich Act

The Hearing Officer's report incorrectly states that the original Wunderlich Act was

passed in 1964. J. L. Simmons, 60 Fed. Cl. at 398. In fact, the Wunderlich Act was passed in 1954. Pub. L. No. 83-356, 68 Stat. 81 (1954) (codified at 41 U.S.C. § 321 (2000)).

The foregoing findings are hereby modified to reflect the correct dates. However, as the review panel explains more fully below, these errors are irrelevant to the Hearing Officer's ultimate conclusion with regard to plaintiff's claims for pre-judgment interest and attorneys' fees. Because correction of these errors does not affect the arguments of the parties with regard to prejudgment interest and attorneys' fees, the errors are harmless. See RCFC 61 ("The court . . . must disregard any error or defect . . . which does not affect the substantial rights of the parties."); Merchant's Nat'l Bank of Mobile v. United States, 7 Cl. Ct. 1, 8 n.4 (1984) ("Exceptions directed at harmless error findings in no way impact on the conclusions of the hearing officer or on the outcome of this case.") (citing Sanders v. United States, 219 Ct. Cl. 285, 310 (1979)).

2. Conclusions

The Hearing Officer's conclusion that J. L. Simmons is not entitled to pre-judgment interest is correct. The plaintiff's exceptions to the Hearing Officer's report pertaining to the alleged wrongdoing of the government in the execution of the original hearing before the Board in 1955-56, see Pl.'s Exceptions at 2-6, are irrelevant to the Hearing Officer's ultimate conclusion. In this case, the alleged violations of the Wunderlich Act do not provide a basis for prejudgment interest.[2]

[2] The panel declines the plaintiff's invitation to reinstate the wrongful conduct standard as stated in Burkhardt v. United States, 84 F. Supp. 553, 558-59 (Ct. Cl. 1949), which allowed a finding of wrongful conduct based on broad moral principles rather than on violation of a specific obligation. See

Generally, prejudgment interest in breach of contract cases is not included in an award for compensation; rather, prejudgment interest is only allowed if specifically authorized by contract or statute. 28 U.S.C. § 2516(a) (2000); United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 590 (1947). In cases in which prejudgment interest is not granted by statute or contract, there is no right to interest, either at law or, when this court reviews bills referred to it by Congress, in equity. Accordingly, while the government's alleged wrongful violations of the Wunderlich Act would have been relevant in determining whether damages should have been awarded in the first instance, these violations do not provide a basis for prejudgment interest, because prejudgment interest was not provided for in cases involving violations of the Wunderlich Act at the time of the alleged misconduct.[3] For this reason, this court has, on numerous occasions, correctly declined to award interest to parties in congressional reference cases in which the government owes damages due to its wrongful acts but where no statute authorized interest for a comparable action at law. See, e.g., Estate of Braude v. United States, 38 Fed. Cl. 476, 487 (1997); Gay St. Corp. v. United States, 127 F. Supp. 585, 590-91 (Ct. Cl. 1955).

---

Pl.'s Exceptions at 2, 12-15. First, the panel concludes that the Hearing Officer applied the correct legal standard. Second, as discussed in the text following this footnote, the plaintiff has not established a claim for prejudgment interest irrespective of the standard applied.

[3] In this connection, the review panel notes that the plaintiff has not alleged facts to show that the government engaged in wrongful behavior in order intentionally to delay the Court of Claims proceedings. Although evidence of such behavior would not necessarily provide a basis for a prejudgment interest award, it might serve as a basis for awarding attorneys' fees or other sanctions. In this case, however, the plaintiff failed to establish the wrongful behavior necessary to justify any sanctions against the government.

If the rule were otherwise, all plaintiffs who prove statutory violations in connection with breaches of contract or other claims and are awarded compensation, but are unable to receive interest because it is not statutorily authorized, would be able to seek congressional references for the award of interest. Such a result could precipitate a flood of requests for congressional references because, following such logic, all claimants successful in court against the United States would have claims to interest equally as valid as the plaintiff's in this case. This would defeat the intention of Congress to restrict prejudgment interest payments to certain classes of claimants, as defined by statute.[4]

In addition, the plaintiff challenges the Hearing Officer's denial of attorneys' fees. As the Hearing Officer correctly held, J. L. Simmons, 60 Fed. Cl at 398, the "American Rule," as it pertains to litigation costs, is that parties normally bear the costs of their own representation. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) ("[T]he so-called 'American Rule' prohibits fee shifting in most cases."). There are, however, exceptions to this rule. Most relevant for the current situation, a court has the inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 378 (Fed. Cir. 1994) (quoting Chambers, 501 U.S. at 45-46) (internal quotations omitted). As the

[4] As the Hearing Officer noted, this court has often deemed unjust an award of benefits to some individuals if those benefits are not available to similarly-situated individuals. See Benoit v. United States, No. 98-858X, 2001 WL 567737, at *5 (Fed. Cl. May 23, 2001) ("[P]referential treatment is disfavored in Congressional Reference matters."); Mackie v. United States, 172 Ct. Cl. 393, 398 (1965) ("[I]f plaintiff is given any compensation . . . in addition to the compensation to which all other persons [similarly situated] are entitled, he would be given preferential treatment, which is abhorrent to our sense of justice.").

Hearing Officer correctly found, the plaintiff has not presented any evidence to "show[] that this exception was triggered either by the conduct of the Board proceedings or the government's handling of the original J. L. Simmons case." J. L. Simmons, 60 Fed. Cl. at 399. As a consequence, the review panel concurs in the Hearing Officer's conclusion and reports that attorneys' fees are not warranted in this situation.

**CONCLUSION**

Because the Hearing Officer's factual errors are immaterial to his conclusions regarding the payment of interest and attorneys' fees, and because his conclusions regarding the payment of interest and attorneys' fees are correct, the Hearing Officer's report is adopted, with the modifications noted above. RCFC App. D, ¶ 8(e). The Senate is advised that any payment to the plaintiff would be a gratuity.

**s/Nancy B. Firestone**
NANCY B. FIRESTONE
Judge, Presiding Officer

**s/Lawrence J. Block**
LAWRENCE J. BLOCK
Judge, Review Panel Member

**s/Emily C. Hewitt**
EMILY C. HEWITT
Judge, Review Panel Member